UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| PAUL NABAUNS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>MICHAEL J. ASTRUE,<br>COMMISSIONER OF SOCIAL<br>SECURITY ADMINISTRATION,<br><br>　　　　　Defendant. | No. CV 11-5315-PLA<br><br>**ORDER DISMISSING CASE WITHOUT PREJUDICE FOR FAILURE TO PROSECUTE** |

**I.**

**PROCEEDINGS**

On June 29, 2011, after being granted leave to proceed in forma pauperis, plaintiff, through counsel, filed a complaint seeking review of the decision of the Commissioner of the Social Security Administration ("SSA") denying plaintiff's application for Disability Insurance Benefits. The parties filed consents to proceed before the undersigned Magistrate Judge on July 18, 2011, and July 21, 2011. On February 6, 2012, the Court received a "Motion to Be Relieved as Attorney of Record" from plaintiff's attorney, Lawrence D. Rohlfing, in which he sought to be relieved as attorney of record in this matter, based on his assertion that "[t]he relationship between counsel and [plaintiff] has deteriorated to the point where no meaningful dialogue can take place." On

February 7, 2012, the Court ordered that plaintiff file his response/opposition to this Motion, if any, no later than February 28, 2012. The Order advised plaintiff that failure to file a response would result in the Court granting the Motion to Be Relieved. Plaintiff's attorney was ordered to serve plaintiff with a copy of the Order, with a proof of service to be filed with the Court. The proof of service was filed, indicating that the Court's February 7, 2012, Order was served on plaintiff by certified mail on February 17, 2012. On March 7, 2012, plaintiff's counsel filed a "Notice to Court of Returned Mail ...," in which counsel indicated that the Court's February 7, 2012, Order had been returned "as undeliverable with no forwarding address provided."

On March 15, 2012, after plaintiff failed to file a response to the "Motion to Be Relieved as Attorney of Record," the Court ordered plaintiff's counsel to file a declaration reflecting: (1) his last date and method of contact with plaintiff; (2) plaintiff's last known address and phone number; and (3) all efforts plaintiff's counsel has made to contact plaintiff since the last date of contact. On March 21, 2012, plaintiff's counsel filed a Declaration in compliance with the Court's March 15, 2012, Order, in which he indicated that mail sent to plaintiff had been returned to counsel, and he has been unable to complete phone calls to plaintiff. Thus, on March 22, 2012, the Court granted plaintiff's attorney's "Motion to Be Relieved as Attorney of Record" and substituted plaintiff in pro per for attorney Lawrence D. Rohlfing. The Court also ordered plaintiff, if he desired to proceed with this action, to file a declaration no later than April 5, 2012, stating that he wishes to proceed with this action, and reflecting his current address and phone number. The Court specifically advised plaintiff that his failure to timely respond to the Order would result in this action being dismissed for failure to prosecute.

**To date, plaintiff has not filed a declaration as ordered by the Court on March 22, 2012, and has had no contact with the Court, and his time to do so has passed.**

## II.

## **DISCUSSION**

It is well established that a district court has authority to dismiss a plaintiff's action because of his or her failure to prosecute or to comply with court orders. See Fed. R. Civ. P. 41(b); Link

2

v. Wabash Railroad Co., 370 U.S. 626, 629-30, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962) (holding that a court's authority to dismiss for lack of prosecution is necessary to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the district courts); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992) (holding that a district court may dismiss an action for failure to comply with any order of the court).

In determining whether to dismiss a case for failure to prosecute or failure to comply with court orders, a district court should consider five factors:  (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring the disposition of cases on their merits; and (5) the availability of less drastic sanctions.  See In re Eisen, 31 F.3d 1447, 1451 (9th Cir. 1994) (failure to prosecute); Ferdik, 963 F.2d at 1260-61 (failure to comply with court orders).

The first two factors -- the public's interest in expeditious resolution of litigation and the Court's need to manage its docket -- weigh in favor of dismissal.  Plaintiff did not file a declaration within the time granted or request an extension of time to do so.  Plaintiff's conduct hinders the Court's ability to move this case toward disposition, and indicates that plaintiff does not intend to litigate this action diligently.

The third factor -- prejudice to defendant -- also weighs in favor of dismissal.  A rebuttable presumption of prejudice to defendant arises when a plaintiff unreasonably delays prosecution of an action.  Eisen, 31 F.3d at 1452-53.  Nothing suggests that such a presumption is unwarranted in this case.

The fourth factor -- public policy in favor of deciding cases on their merits -- weighs against dismissal.  It is, however, a plaintiff's responsibility to move a case toward a disposition at a reasonable pace and to avoid dilatory and evasive tactics.  See Morris v. Morgan Stanley & Co., 942 F.2d 648, 652 (9th Cir. 1991).  Plaintiff has not discharged this responsibility.  In these circumstances, the public policy favoring resolution of disputes on the merits does not outweigh plaintiff's failure to file the Court-ordered documents within the time granted, or his failure to respond to orders of the Court.

The fifth factor -- availability of less drastic sanctions -- weighs in favor of dismissal. The Court attempted to avoid dismissal by expressly admonishing plaintiff in the March 22, 2012, Order, that failure to file a declaration by the deadline as ordered by the Court would result in this action being dismissed for failure to prosecute.  Plaintiff has not filed such a declaration, or given any indication that he intends to do so.  Moreover, none of the documents sent out by the Court to plaintiff have been returned as undelivered.

Taking all of the above factors into account, dismissal for failure to prosecute is appropriate. Such a dismissal, however, should not be entered unless plaintiff has been notified that dismissal is imminent.  See West Coast Theater Corp. v. City of Portland, 897 F.2d 1519, 1523 (9th Cir. 1990). In this case, plaintiff was cautioned about the possibility of dismissal in the Court's March 22, 2012, Order.  He filed no response thereto.

Accordingly, **IT IS HEREBY ORDERED** that this case is **DISMISSED** without prejudice for failure to prosecute.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall serve copies of this Order on all parties or their counsel.

DATED: April 12, 2012

　　　　　　　　　　　　　　　　　　　／s／ Paul L. Abrams
　　　　　　　　　　　　　　　　　　　PAUL L. ABRAMS
　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE